**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

BENJAMIN PITTS, PLAINTIFF
ADC #148011

v. 4:21-cv-00936-JM-JJV

DEXTER PAYNE, Director, ADC; *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

**I. BACKGROUND**

Benjamin Pitts ("Plaintiff") is a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"). In July 2021, he filed a Complaint in the Lincoln County Circuit Court alleging his constitutional rights were violated and several state torts were committed in connection with prison disciplinary charges he received on March 31, 2021. (Doc. No. 2). As Defendants, Plaintiff named ADC Director Dexter Payne, Warden James Gibson, Assistant Warden James Shipman, Major Brandon Carroll, Major Michael Richardson, Disciplinary Court Hearing Officer Justine Minor, and Correctional Officer Lorennetta Smith. (*Id.*) The state court granted

Plaintiff permission to proceed *in forma pauperis*. Defendants Payne, Shipman, and Minor were served, while the other Defendants were not. On October 14, 2021, Defendants Payne, Shipman, and Minor removed the lawsuit to federal court and filed their Answer. (Doc. Nos. 1, 3.) For the following reasons, I recommend the Complaint be dismissed.[1]

## II. DISCUSSION

Plaintiff says that, on March 31, 2021, he was showering in Isolation 4 of the Varner Super Max Unit when he was observed by Correctional Officer Lorennetta Smith. (Doc. No. 2.) Later that day, Officer Smith wrote a major disciplinary saying Plaintiff was "moving his penis in a back-and-forth movement looking directly at me" and refused to comply with her direct order to stop doing so. (Doc. No. 2 at 14. ) As a result, she charged Plaintiff with insolence to staff, failure to obey a verbal order, and indecent exposure. (*Id*.) On April 7, 2021, Officer Minor held a hearing and found Plaintiff guilty of all three charges. (*Id*. at 15, 26.) As punishment, Plaintiff spent thirty days in punitive isolation, his class was reduced, and he lost sixty days of commissary, phone, and visitation privileges. (*Id.*) He did <u>not</u> lose any good time credits.

On April 20, 2021, Plaintiff filed a grievance alleging Defendant Smith was not conducting a security check when she observed him in the shower, and he requested an investigation under the Prison Rape Elimination Act ("PREA"). (*Id.* at 18.) The grievance was rejected, without a ruling on the merits, because it involved a disciplinary matter. (*Id*. at 19-21.) After careful consideration, I conclude the Complaint fails to state a claim upon which relief may be granted for the following reasons.

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### A. ADC Rules & PREA Investigation

Plaintiff says Defendants violated several ADC rules in connection with the above factual allegations. But, prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). He also claims Defendants violated his rights by failing to conduct a PREA investigation into Defendant Smith's observation of him in the shower. "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue." *Blevins v. Pearson*, No. 18-CV-2270, 2018 WL 6814183, 3 (D. Minn. Nov. 30, 2018), *recomd. adopted*, 2018 WL 6807391 (D. Minn. Dec. 27, 2018) (quoting *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008)). It does not "create a right of action that is privately enforceable by an individual civil litigant." *Schaefer v. Lombardi*, No. 2:16-CV-54 CEJ, 2016 WL 6138626, at *2 (E.D. Mo. Oct. 20, 2016); *see also LeMasters v. Fabian*, No. 09-702-DSD, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Johnson v. Garrison*, No. 21-7010, 859 F. App'x 863, 864 (10th Cir. Sept. 27, 2021); *Williams v. Wetzel*, No. 20-1337, 827 F. App'x 158, 162 (3d Cir. Sept. 10, 2020); *Krieg v. Steele*, No. 13-11402, 599 Fed. App'x 231, 232-33 (5th Cir. Apr. 15, 2015). Thus, these allegations fail to state a plausible claim for relief.

### B. Due Process Claim

Plaintiff says Defendants violated his due process rights during his disciplinary proceedings.[2] Prisoners have a Fourteenth Amendment right to receive due process during prison

[2] Specifically, Plaintiff says: (1) Defendant Smith wrote false disciplinary charges; (2) Defendants Richardson, Carroll, Gibson, and Shipman did not review security camera footage or otherwise conduct a proper investigation into the disciplinary charges; (3) Defendant Minor automatically credited Officer Smith's version of the facts over his; and (4) Defendant Payne affirmed the disciplinary convictions on appeal.

disciplinary proceedings only if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Plaintiff has not pled any facts suggesting the conditions in punitive isolation were an atypical or significant hardship, and the Eighth Circuit has held confinement in punitive isolation for much longer than the thirty days endured by Plaintiff does not give rise to a liberty interest. *See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (no atypical hardship when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his disciplinary proceedings. Accordingly, he has failed to plead a plausible § 1983 claim for relief.

### C. Retaliation Claim

Plaintiff believes the disciplinary charges were motivated by retaliation. Specifically, he says:

> records show that I wrote a grievance against CO II Johnson and CO II Hence who was in the control booth and took me to the shower on 3/31/2021. This shows retaliation by filing a false disciplinary report for sexual misconduct. In violation of the First Amendment.

(Doc. No. 2 at 6.)

To state a plausible retaliation claim, there must be facts suggesting: (1) a prisoner engaged in a protected activity, (2) defendants took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cty.,* 738 F.3d 907, 911 (8th Cir. 2013). Plaintiff engaged in constitutionally protected activity when he allegedly filed a grievance against Officers Johnson and Hence. *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994). However, Plaintiff's retaliation claim falls short on the other two required elements.

Officers Johnson and Hence, who are the only people Plaintiff says had a motive to retaliate against him, are not Defendants in this lawsuit. And, Plaintiff has not pled any facts suggesting they were personally involved in the disciplinary charges that were filed against him. Plaintiff does not say Defendant Smith, who wrote the disciplinary charges against him, had a motive to retaliate against him. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (retaliation claim failed where there were no facts connecting the defendants to the adverse challenged actions); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability requires a causal link to, and direct responsibility for, the alleged deprivation of constitutional rights). Similarly, he does not claim Defendant Minor, who found him guilty of those disciplinary charges, or any of the other Defendants personally involved in his disciplinary proceedings had a motive to retaliate against him. *See Henderson*, 29 F.3d at 469 (a disciplinary decision made by an impartial decision maker and supported by some evidence "essentially checkmates" a retaliation claim);

*Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014) ("A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker").

A grievance written against one officer does not give all ADC officers a motive to retaliate against the filing prisoner. If that were so, then once a prisoner filed a grievance against a prison guard no adverse action could be taken against that prisoner by any ADC officials for an unknown duration of time. In other words, prisoners could insulate themselves from any adverse prison action simply by filing a grievance against a single ADC officer. To plead a plausible retaliatory discipline claim, a prisoner must allege facts suggesting the named Defendants had a motive to retaliate against him. Plaintiff has not done so here. For these reasons, I conclude the Complaint does not contain a plausible retaliation claim.

**D. Privacy Claim**

Plaintiff says Defendant Smith violated his right to privacy when she observed him naked in the shower. Plaintiff challenges Defendant Smith's statement, in the disciplinary charge, that she was conducting security rounds in Isolation 4 when she saw him naked. And, he says there were male officers available that could have conducted security rounds in the shower area. However, prisoners do not have an absolute constitutional right to be free from observation, while nude, by prison officials of the opposite gender. *See Hill v. McKinley*, 311 F.3d 899, 903-04 (8th Cir. 2002) (no constitutional violation when a female detainee was forced to undress in front of and be escorted by male guards); *Kendrick v. Faust*, 682 F. Supp. 2d 932, 942 (E.D. Ark. 2010) (no constitutional violation when a female prisoner was "forced to stand nude in front of the male officers for several minutes"); *Williams v. Bradley*, No. 5:05-cv-10, 2008 WL 2954247, at *10

(E.D. Ark. July 29, 2008) ("occasional or inadvertent sighting by female guards of nude male inmates does not violate the inmates' limited right of privacy"), *aff'd* 352 F. Appx. 133 (8th Cir. 2009). Specifically, in *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990), the Court explained: "Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities." (Emphasis added.) For these reasons, I conclude the facts as pled by Plaintiff do not state a plausible privacy claim against Defendant Smith.

**E. State Tort Claims**

Finally, Plaintiff says Defendant Smith committed the state torts of outrage, defamation, and slander when she observed him naked in the shower and filed false disciplinary charges against him. Generally, a federal court does not have subject matter jurisdiction to hear state law claims. *See* 28 U.S.C. § 1331. There are two exceptions to that rule. First, a federal court may hear a state law claim if the parties are citizens of different states, which does not apply here. *See* 28 U.S.C. § 1332. Second, a federal court hearing a federal law claim may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy. *See* 28 U.S.C. § 1367. Given that there are no plausible federal law claims in the Complaint, this court should decline to exercise supplemental jurisdiction over Plaintiff's state tort claims. *See King v. City of Crestwood, Mo.,* 899 F.3d 643, 651 (8th Cir. 2018) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims

when all federal claims have been dismissed).

**F. Prior Opportunity to Amend**

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given him thirty days to file an Amended Complaint curing them, and warned him I would recommend dismissal if he failed to timely do so. (Doc. No. 4.) Plaintiff has not responded to my Order, and the time to do so has expired.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The federal claims in the Complaint (Doc. No. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, the Court DECLINE to exercise supplemental jurisdiction over the state tort claims, and the case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of December 2021.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE